UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILSON XAVIER APUGLLON-CONYA,<br>Petitioner,<br>v.<br>WARDEN, other NWPIC Warden/Facility Administrator; and CAMILLA WAMSLEY, Field Office Director, Seattle Field Office, US Immigration and Customs Enforcement,<br>Respondents. | No. 2:26-CV-02161-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is representing himself in the matter. Respondents are represented by Peter H. Clark.

Petitioner is a citizen of Ecuador with a pending asylum application. On July 15, 2021, he was released from immigration custody on his own recognizance pursuant to § 236(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(a). As a condition of his release, he was required to report to ICE over the phone on a regular basis. Petitioner asserts he fully complied with all check-in requirements and never missed an appointment. Respondents indicate Petitioner was convicted of driving while intoxicated on September 9, 2022. Petitioner was ordered removed on May 8, 2024, and he timely appealed his removal.

Petitioner was arrested by Idaho State Police on April 20, 2026, while sitting in his car in his garage. He was subsequently detained by ICE after his release from law enforcement custody and transported to the Northwest ICE Processing Center, where he remains. Respondents indicate that Petitioner filed a motion to withdraw his appeal, which was granted on June 10, 2026.

Petitioner asserts his arrest and subsequent re-detention were unlawful as law enforcement officers entered his private property without a judicial warrant to detain him, and he received no pre-deprivation process.

Respondents assert the petition fails as Petitioner already has a final order of removal against him, and that order became administratively final when he withdrew his appeal. Accordingly, Respondents assert Petitioner's detention is mandatory pursuant to 8 U.S.C. § 1231(a)(2). §1231(a)(2) calls for a 90-day mandatory detention period which, for Petitioner, expires on December 10, 2026.

Petitioner does not claim that his detention has become unlawful due to the length of time or detention conditions. He asserts that he should be released because he was re-detained unlawfully. Other courts in this district have found that, despite the fact that a petitioner is technically detained pursuant to § 1231(a)(2), release is appropriate when the underlying re-detention was unlawful. *Diego Francisco v. Noem*, No. 2:26-CV-00025-GJL, 2026 WL 295211 at *6 (W.D. Wash. Feb. 4, 2026).

When determining whether a Petitioner has received appropriate due process, courts in the Western District apply the three-factor *Mathews* test. *Id*. at *3. Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976).

A finding in favor of Petitioner under *Mathews* requires immediate release.

*See e.g.*, *Rana v. Bondi*, No. 2:26-CV-00244, 2026 WL 472800, at *4–5 (W.D. Wash. May 6, 2026); *Lopez Camacho v. ICE Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 at *8 ; *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, No. 2:26-CV-00695, 2026 WL 890459, at *4 (W.D. Wash. April 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). Under Ninth Circuit caselaw, the status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released into the community in 2021. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As to whether Petitioner should be released, the Court notes that Petitioner's re-detainment was the impetus for the pending controversy. Therefore, Petitioner should be released as that was his status prior to re-detainment. *See Tanner*, 316 F.2d at 809. Furthermore, having a bond hearing at this stage would not cure the underlying constitutional violation and immediate release is the only way to return the status quo.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

//

2. **Within one (1) day of the date of this order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date of this order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 21st day of July 2026.

Stanley A. Bastian
United States District Judge