UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILSON XAVIER APUGLLON-CONYA,<br>Petitioner,<br>v.<br>WARDEN, other NWIPC Warden/Facility Administrator; and CAMILLA WAMSLEY, Field Office Director, Seattle Field Office, US Immigration and Customs Enforcement,<br>Respondents. | No. 2:26-CV-02161-SAB<br><br>**ORDER DENYING CONSTRUED MOTION TO RECONSIDER** |

Before the Court is Respondent's Motion to Alter or Amend Judgment, ECF No. 11. Petitioner is representing himself in the matter. Respondents are represented by Peter H. Clark. The Motion was considered without oral argument.

On July 21, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus, finding that the *Mathews* factors weighed in his favor. The Court reasoned that, even if there was a valid final order of removal against him, Petitioner's underlying re-detention was unlawful as Respondents failed to provide him with any pre-deprivation process, and any later valid authority to detain him did not resolve the underlying constitutional violation.

Respondents request the Court amend its judgment to deny Petitioner's Habeas Petition. The Court construes this request as a Motion to Reconsider.

Motions for reconsideration are disfavored and are not appropriate if used to revisit issues already addressed by the Court or to advance new arguments that could have been raised in prior briefing. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *American Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A motion for reconsideration should be granted when a district court: (1) is presented with newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law. *Kona*, 229 F.3d at 890.

Respondents provide no new evidence and cite no intervening change in law. They instead assert the Court committed manifest error in granting Petitioner's requested relief, as he was subject to the 90-day mandatory detention period under 8 U.S.C. § 1231(a)(2), and other courts have denied habeas petitions in similar circumstances. The sole binding authority cited by Respondents does not involve a challenge to the underlying constitutionality of the petitioners' re-detention. *Khotesouvan v. Morones*, 386 F.3d 1298 (9th Cir. 2004). In *Khotesouvan,* the petitioners requested release from custody as there was no foreseeable likelihood of removal during the mandatory 90-day removal period under § 1231(a)(2). *Id*. at 1299. The court rejected this request, finding the 90-day mandatory detention period was presumptively reasonable. *Id*. at 1301. Although Respondents assert this provides black-letter authority that any detention under § 1231(a)(2) is valid and any habeas petition filed by an individual subject to such detention is moot, the Court reads this case to provide a narrower interpretation of the statute that is not applicable here.

//

//

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Respondent's Motion to Alter or Amend Judgment, ECF No. 11, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close** the file.

**DATED** this 8th day of October 2026.



Stanley A. Bastian
United States District Judge